UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

GEICO Marine Insurance Company

      Plaintiff,

vs.

Daniel Peretz, Candice E. Forbes, Evan M.
Saunders, Stacy Sanchez, Jeffrey Xavier Hartsoe,
Jerry Lee Garrett, John Sennett, Krystal Brazel,
Lynn Roca, Rachel Sheldon, Samantha M. Spaeth,
and Shayla Nicolatos,

      Defendants.

Case No.:

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Geico Marine Insurance Company ("GEICO Marine"), through undersigned counsel, sues the Defendant, Daniel Peretz, ("Peretz" or "Defendant"), Candice E. Forbes, Evan M. Saunders, Stacy Sanchez, Jeffrey Xavier Hartsoe, Jerry Lee Garrett, John Sennett, Krystal Brazel, Lynn Roca, Rachel Sheldon, Samantha M. Spaeth and Shayla Nicolatos, (the

"Passenger Defendants"), for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and alleges as follows:

1. GEICO Marine files this suit to obtain a judicial determination and declaration of the parties' rights and obligations under Policy CBT1009677 issued by GEICO Marine to Peretz for the policy period from June 8, 2020 to June 8, 2021 (the "Policy").

2. Specifically, GEICO Marine seeks a declaration that the Policy is void and does not provide coverage for claims asserted by the Defendant for damage to his 1975 41 foot Morgan Sailboat bearing Hull Identification Number MRY21001M77B (the "Vessel").

3. GEICO Marine further seeks a declaration that the Policy is void and does not provide coverage for any bodily injury or property damage claims asserted by the Passenger Defendants.

4. The Policy attached to this complaint as **Exhibit "A"** is a true and correct copy of the Policy issued to the Defendant.

5. Defendant claims that the Policy provides coverage for damage to his Vessel and for claims asserted against him by the Passenger Defendants.

2

6. GEICO Marine contends that the Policy is void and does not provide coverage for such claims.

7. There is actual and justiciable controversy between GEICO Marine and the Defendants involving their respective rights and liabilities under the Policy.

8. This matter is now ripe for adjudication.

## THE PARTIES

9. GEICO Marine is an insurance company authorized to transact insurance business in the State of Florida.

10. Defendant is the named insured in the Policy and resides in St. Petersburg Beach, Florida.

11. Defendants, Candice E. Forbes, Evan M. Saunders, Stacy Sanchez, Jeffrey Xavier Hartsoe, Jerry Lee Garrett, John Sennett, Krystal Brazel, Lynn Roca, Rachel Sheldon, Samantha M. Spaeth and Shayla Nicolatos (the "Passenger Defendants") were all passengers on the Vessel on July 21, 2020.

## JURISDICTION AND VENUE

12. This case falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 because marine insurance policies, like the Policy GEICO Marine issued to Defendant, are maritime contracts.

13. GEICO Marine designates this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

14. The Policy contains a choice of law clause which identifies the controlling law as the "maritime law of the United States."

15. Maritime law controls the disposition of the claims asserted in this case.

16. Venue is proper in this district because the Defendant resides in this district and is subject to personal jurisdiction and service of process in this district.

17. Venue is also proper in this district because the incident described below which gives rise to this action occurred in this district.

## FACTS AND RELEVANT POLICY PROVISIONS

18. GEICO Marine issued the Policy to the Defendant on April 16, 2020.

19. The Vessel is a federally documented vessel with the U.S. Coast Guard and has been assigned Official Number 579423.

20. The Vessel was purchased by Boating At The Pier, LLC, a Florida Limited Liability Company, on December 9, 2013.

21. The manager members of Boating At The Pier, LLC, include the Defendant, Terry Porter and Tom Koscica.

22. Boating At The Pier, LLC owns the Vessel.

23. The Vessel is not owned by the Defendant individually.

24. On March 1, 2020, Boating At The Pier, LLC entered a bareboat charter agreement with Wanderlust Offshore, LLC d/b/a Suncoast Sailing.

25. The bareboat charter agreement provides Wanderlust Offshore, LLC with an option to purchase the Vessel.

26. A true and correct copy of the bareboat charter agreement is attached to this complaint as **Exhibit "B"**.

27. On July 21, 2020, the Vessel was chartered for a sunset cruise.

28. The Vessel was under the command of Captain David Kosky, an employee of Wanderlust Offshore, LLC.

29. As the Vessel approached the John's Pass bridge, the Captain attempted to raise the sails.

30. Before the Captain could successfully raise the Vessel's sails, the outgoing tidal current and winds pushed the Vessel towards the John's Pass bridge which had been opened for another vessel.

31. The Vessel's bow became wedged between the bridge's fender and tower structures.

32. The bridge tender lowered the bridge onto the Vessel bending the mast (the "Incident").

33. As a result of the Incident, the Vessel sustained damage and several passengers have asserted claims for bodily injuries.

34. The Passenger Defendants have asserted or may assert injury claims against the Defendant for injuries they alleged to have sustained because of the Incident.

35. Joinder of the Passenger Defendants is necessary to obtain a full adjudication of the parties' respective rights and obligations.

<u>**COUNT I – UBERRIMAE FIDEI**</u>

36. GEICO Marine incorporates and restates the allegations in paragraph 1 through 35 as if fully set forth herein and further alleges as follows:

37. Marine insurance policies like the Policy in this case are subject to the maritime doctrine of Uberrimae Fidei (the utmost good faith), which requires an insured to fully and voluntarily disclose to the insurer all facts material to the insurance risk even if the insurer does not specifically request the information.

38. In addition to this legal requirement, the Policy expressly states that "there is no coverage from the beginning of this Policy if *you* or *your* representative or agent has omitted, concealed, misrepresented, sworn falsely, or attempted fraud in reference to any matter relating to this insurance before or after any loss."

39. Defendant falsely represented to GEICO Marine that he was the titled owner of the Vessel.

40. GEICO marine relied on this representation in issuing the Policy.

41. In addition to the misrepresentation about ownership, Defendant failed to disclose the following material facts to GEICO Marine:

   (a) Defendant failed to identify Boating At The Pier, LLC as the owner of the Vessel.

(b) Defendant failed to disclose the bareboat charter-purchase option agreement between Boating At The Pier, LLC and Wanderlust Offshore, LLC.

(c) Defendant failed to disclose the identity of the company operating the Vessel.

(d) Defendant failed to disclose the fact that the Vessel was in the care, control, and custody of Wanderlust Offshore, LLC. And not the Defendant.

42. The facts stated above were not known to GEICO Marine when it issued the Policy.

43. The facts described above were material to the insurance risk.

44. If the facts stated above had been known to GEICO Marine before the Policy was issued, it would have either declined to issue a Policy or charged a higher premium.

45. Defendant's misrepresentation and omissions violate the doctrine of Uberrimae Fidei and the express provisions of the Policy.

46. Defendant's material misrepresentation and omissions render the Policy void ab initio.

WHEREFORE, GEICO Marine respectfully requests this Court enter declaratory judgment declaring the Policy void ab initio, finding that it does not provide coverage for damage to the Vessel or for the Passenger defendants' claims and awarding further relief deemed proper under the circumstances.

## COUNT II - BREACH OF WARRANTIES

47. GEICO Marine realleges the allegations set forth in paragraphs 1 through 35 as if fully set forth herein and further alleges as follows:

48. Admiralty law requires the strict construction of express warranties in marine insurance contracts.

49. The breach of an express warranty by the insured releases the insurance company from liability even if compliance with the warranty would not have avoided the loss.

50. The rule that express warranties in marine insurance policies must be strictly construed is now a well-entrenched federal rule of admiralty law which applies even the face in contrary state law.

51. The Policy contains several warranties concerning use of the Vessel, one of which prohibits the bareboat chartering of the Vessel.

52. A second warranty in the Policy prohibits the sale or assignment of the Vessel.

53. The Policy defines "bareboat charter" as "a legal bareboat charter defined by the U.S. Coast Guard in the Code of Federal Regulations and any applicable endorsement to these regulations."

54. Coast Guard regulations define a bareboat charter as a "legally binding document for a term of one (1) year or more under which period of the charter, the party who leases or charters the vessel, known as the demise or bareboat charterer, assumes legal responsibility for all the incidents of ownership, including insuring, manning, supplying, repairing, fueling, maintaining and operating the vessel." 46. C.F.R. § 169.107.

55. Coverage B of the Policy which provides for boating liability excludes coverage for bodily injury or property damage "arising out of the following uses of the **Insured Boat**: **Bareboat Charters**, boat rental operations, commercial towing, or any other commercial fishing operation except for carrying fare paying passengers for charter fishing...."

56. The general conditions section of the Policy provides that there "is no coverage if the **Insured Boat** is used for any other commercial purpose, including but not limited to...**Bareboat Charters**...."

57. The agreement between Boating At The Pier, LLC and Wanderlust Offshore, LLC is a legal bareboat charter.

58. At the time of the Incident, the Vessel was being operated pursuant to the terms of a bareboat charter.

59. Because of the violation of the warranty, there is no coverage for any claims arising out of the Incident.

60. Alternatively, the claims of the Passenger Defendants are expressly excluded.

61. The Policy also contains a Transfer of Interest Warranty which provides that "[c]overage provided by **us** will terminate automatically if **you** sell or assign the **Insured Boat** … without **our** prior written consent…."

62. The bareboat charter agreement includes an option to purchase the Vessel.

63. Even if the purchase option has not been exercised, the bareboat charter agreement is an assignment of the Vessel in violation of the Transfer of Interest Warranty.

64. The word "assign" means "to transfer (one's right, interest, or title to property) to someone else." assign. (n.d.) *Collins Dictionary of Law.*

(2006). Retrieved October 28 2020 from https://legal-dictionary.thefreedictionary.com/assign.

65. The bareboat charter agreement assigns the right to use, control and operate the Vessel to Wanderlust Offshore, LLC.

66. Assignment of the Vessel through the bareboat charter is a breach of the Transfer of Interest Warranty.

WHEREFORE, GEICO Marine respectfully requests this Court enter declaratory judgment finding that the Policy does not provide coverage for damage to the Vessel or for the Passenger Defendants' claims and awarding further relief deemed proper under the circumstances.

Respectfully submitted,

WHITEBIRD, PLLC

/s/ Ted L. Shinkle, Esq.
Ted L. Shinkle, Esq.
Florida Bar No.: 0608051
Krista Runte, Esq.
Florida Bar No.: 125981
730 E. Strawbridge Ave., Ste. 209
Melbourne, FL  32901
Phone: (321) 327-5580
Facsimile: (321) 327-5655
Email: tshinkle@whitebirdlaw.com
Secondary: jaliano@whitebirdlaw.com